# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF FLORIDA

LUDA CANNON,

    Plaintiff,

vs.

Case No.: 9:20-cv-81178-WPD

DELRAY REALTY ASSOCIATES, LLC,

    Defendant.

_____/

## CONSENT DECREE

This Consent Decree (the "Agreement") is entered into by and between Plaintiff, LUDA CANNON, ("Plaintiff") and Defendant, DELRAY REALTY ASSOCIATES, LLC, ("Defendant")(all parties collectively referred to as the "Parties").

WHEREAS, Plaintiff has filed a civil action styled LUDA CANNON v. DELRAY REALTY ASSOCIATES, LLC, in the United District Court for the Southern District of Florida, Case No.: 9:20-cv-81178-WPD (the "Action") wherein Plaintiff asserted claims for injunctive relief against Defendant based upon purported violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq*. (the "ADA") and related claims for relief respecting the real property located at or about 4801 Linton Boulevard, Delray Beach Fl 33445 (the "Facility");

WHEREAS, the Parties desire to compromise and fully and finally resolve and settle all actual and potential claims or litigation between them, to avoid the uncertainty, time and expense that would accompany such litigation;

**EXHIBIT A**

WHEREAS, the Parties have agreed to enter into this Agreement pursuant to which each and every claim and/or cause of action asserted or that could have been asserted by Plaintiff against Defendant shall be fully, forever, and finally released; and

NOW, THEREFORE, in consideration of the covenants and mutual promises and agreements contained herein, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows;

1. **No Admission of Liability:** Plaintiff agrees and acknowledges that this Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by Defendant (or any person or entity acting on its behalf) of any liability or any act or wrongdoing whatsoever, including without limitations, any violation of (1) any federal, state or local law, statute, regulations, code or ordinance; or (2) of any legal, common law or equitable duty owed by Defendant to anyone.

2. **Settlement Amount:** The Defendant has agreed to pay a sum as settlement of all Plaintiffs' attorneys fees, court costs, expert fees, expenses and damages by separate agreement. Except as specifically set forth in such separate agreement, Plaintiff waives entitlement to such attorneys' fees, court costs, expert fees, expenses and damages with respect to this matter. Upon receipt of the aforementioned payment from Defendant, Plaintiff shall promptly file a Joint Stipulation to Approve Consent Decree and to Dismiss with Prejudice, attaching a copy of the fully executed Agreement and proposed order of dismissal with prejudice.

3. **Release Given by Plaintiff in Favor of Defendants:** In exchange for the good and valuable consideration set forth herein, Plaintiff and her respective agents, members, successors, assigns, parent entities, subsidiary entities, heirs, officers, predecessors, directors, affiliated persons and/or entities, and anyone claiming by and through them (collectively, the "Releasing Parties"), hereby fully and finally release, acquit, satisfy, and discharge Defendant, and each of Defendants respective agents, predecessors, successors, assigns, heirs, parent entities, subsidiary entities, officers, directors, shareholders, employees, attorneys, affiliated persons or entities, (collectively, the "Released Parties"), of and from any and all legal or equitable claims, demands, liabilities, debts, judgments, damages, expenses, actions, or causes of action arising under Title III of the ADA and/or any other federal, state, or local law governing access features and policies for persons with disabilities at public accommodations whether before any federal, state, or local agency, court of law, or in any other forum, and any and all claims that could have been alleged in the Action regarding the Facility.  This release also includes all claims for attorney's fees and costs, expert fees and costs, or any other fee or cost incurred to date, with the exception of any future action taken by any of the Parties to enforce the terms of this Agreement.

4. **Alterations and Modifications to the Facilities:** Defendant will within the time period specified below perform the following work, alterations, remediations, and improvements to the Facility and Plaintiff agrees that same will place the Defendant's facility in compliance with the readily achievable removal of barriers requirement of the ADA:

    a. Creating a curb cut on the west side of the column outside of Big Lots, so that individuals can traverse around the column from the curb cut already existing on the east side of the column into the roadway and back onto the sidewalk.

    b. Adjust the slope of the ramp adjacent to the handicap parking space outside of Payless ShoeSource to be compliant with the ADA.

    c. Making a pedestrian walkway from the sidewalk parallel with Military Trail into the Facility near the northwest entrance into the facility which the Parties estimate to be a twenty-one (21) foot walkway starting from the grassy area parallel to the sidewalk along Military Trail, near the Facility.

5. **Conditions**: It is understood that the work to be done under this Agreement or certain parts thereof may require submission to City or County Building Departments to obtain building permits; and all work performed thereunder is subject to permitting, inspection and approval by such government agencies and must comply with all applicable local building and zoning, fire and safety codes. Reasonable deviations from the above-described work to conform to building, zoning, fire, safety or other government requirements or regulations, or conditions discovered after work has begun, shall be permitted, providing same does not result in placing the property in non-compliance with the ADA.

6. **Time Period:** The Defendant shall have up to eighteen (18) months from the Effective Date of this Agreement to complete said alterations and modifications required herewith, subject only to delays necessitated by *acts of God, force majeure*, or events beyond the control of Defendant, in which event the time periods for completion established hereby shall be extended appropriately. Extensions of time to complete said alterations and modifications shall not be unreasonably withheld by Plaintiff.

7. **Findings of Fact:** All physical barriers alleged in Plaintiff's First Amended Complaint in the Action that are not being addressed by the said alterations and modifications set forth in paragraph 4 above are not readily achievable under the ADA.

8. **Completion of Work:** Upon Completion of work specified herein, Defendant shall give notice to Plaintiff's counsel via e-mail to ladbrady@gmail.com. Plaintiff's representative shall be provided reasonable access to the subject premises to verify completion of the above referred-to alterations and modifications.

9. **Readily Achievable Standard:** The Parties agree that the Property is subject to the ADA's "readily achievable" standard, and thus, all alterations and/or modifications required by this Agreement need only satisfy that standard. To the extent that this Agreement references specific ADAAG code sections, these references are solely for guidance where readily achievable. The Parties agree that the modifications agreed to and delineated in this Agreement are readily achievable.

10. **Enforcement Provisions:** In the event the alterations and modifications described in paragraph 4 above are not completed in the manner and time frame set froth in this Agreement, Plaintiff shall be entitled, upon the below notice to Defendant, to file an action to obtain specific performance against Defendant or otherwise enforce the requirements of this Agreement. The Plaintiff shall provide Defendant with fifteen (15) days notice of the perceived non-compliance, and the Defendant shall then have fifteen (15) days in which to cure the non-compliance. "Notice" shall be by email to Defendant's counsel via email to rick@warrengrant.com, michael@warrengrant.com and jacob@warrengrant.com.

11. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

12. **Governing Law and Jurisdiction; Waiver of Jury Trial:** This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively with the United States District for the Southern District of Florida, or, if that court refuses jurisdiction, in any court of competent jurisdiction in Palm Beach County, Florida. **EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.**

13. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties respective counsel, and shall not be construed against the "drafter" of the Agreement.

14. **Modification of Agreement:** This Agreement may be amended, revoked, changed or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

15. **Entire Agreement:** This Agreement and separate Agreement referred to herein sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

16. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

17. **Signatures in Counterparts:** This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. An electronic copy of any party's signature shall be deemed as legally binding as the original signatures.

18. **Authority:** Each party represents that each person, or authorized attorney, executing this Agreement on its (or his/her) behalf has been authorized to sign on behalf of the respective party and to bind it (or him/her) to the terms of this Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this Agreement, and shall fully bind the Defendant to all of the terms and obligations of this Agreement.

19. **Partial Invalidity:** If any provision of this Agreement is declared by any court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining portions. On the contrary, such remaining portions shall be fully severable, and this Agreement shall be construed and enforced as if such invalid provisions were deleted.

20. **Further Documents:** The Parties agree to execute any further documents, instruments and agreements reasonably necessary to effectuate the terms and intent of this Agreement.

21. **Court Retaining Jurisdiction:** The Court shall retain jurisdiction over the parties to enforce compliance with the terms hereof.

[SIGNTURE BLOCKS ON NEXT PAGE]

WHEREFORE, each party states that it has carefully read this Agreement and agrees to be bound by its terms.

*L. Cannon*
_____
**LUDA CANNON**

Dated this _10_ day of November, 2021.

**DELRAY REALTY ASSOCIATES, LLC**

By:_____

Print: Myron D. Vogel

Its: Manager

Dated this ___ day of November, 2021.

WHEREFORE, each party states that it has carefully read this Agreement and agrees to be bound by its terms.

_____
**LUDA CANNON**

Dated this ___ day of November, 2021.

**DELRAY REALTY ASSOCIATES, LLC**

By: _____

Print: Myron D. Vogel

Its: Manager

Dated this 8th day of November, 2021.